JULIA R. ANDERSON *v.* JACOB F. WILDER.

PUBLIC LANDS. *Homesteads. Revised statutes of the United States,* §§ 2290, 2291, 2296. *Conveyance of timber before final proof. Estoppel. Subsequent grantees.*

Where one, who had taken the initiatory steps to homestead government land, sold the timber thereon before making final proof and perfecting the entry, his conveyance thereof, upon his making final proof and obtaining a patent, will be good by estoppel as against him and his subsequent grantees with notice. Butterfield Lumber Co. v. Hartman, 82 Miss., 494; Sanford v. Eastabutchie Lumber Co., ante 478.

FROM the chancery court of, second district, Perry county.

HON. STONE DEAVOURS, Chancellor.

Mrs. Anderson, appellant, was complainant, and Wilder, appellee, defendant, in the court below. From a decree dismissing complainant's bill, she appealed to the supreme court.

G. A. Anderson made a homestead entry of the lands in controversy in this suit in 1897, and, before final proof was made and his patent delivered, he conveyed the "merchantable timber" on the land to the Walls Creek Lumber Company, a partnership, and it afterwards, in the partnership name, conveyed its interest to Parker & Wilder, and appellee, Jacob F. Wilder, holds under them. After final proof of his homestead G. A. Anderson conveyed all the merchantable timber then standing to appellant, Mrs. Julia R. Anderson. The deed from G. A. Anderson to the Walls Creek Lumber Company was never recorded, but the husband and agent of Mrs. Julia R. Anderson, who made the trade for her, knew that it had been made. After the conveyance to appellant the Walls Creek Lumber Company, through its individual members, executed another deed to Parker & Wilder so as to remedy any and all defects in the former deed executed in the name of the partnership. Mrs. Julia R. Ander-

son filed the bill in this case, against appellee, in the chancery court to cancel his claim to the timber.

*Harper & Potter,* for appellant.

G. A. Anderson, the homesteader, had no right to sell the timber on this homestead until he had made final proof, and that any such conveyance was absolutely void. The case of *Butterfield Lumber Co.* v. *Hartman,* 82 Miss., 494; s. c., 34 So. Rep., 328, in nowise affects this case. The sale of the timber in that case was permitted on the ground that it was used by the homesteader in paying his fee to the United States government. And the grant of the right of way to the railroad company was upheld under an express statute of the United States, which specifically permits a homesteader before final proof to make such a grant. This statute which specifies the cases in which a homesteader may alienate any part of his land, would seem clearly to exclude his right to alienate any part of the land for any other purpose. The federal courts have time and again held that a homesteader had no title to the homestead until final proof; has no right to convey the timber, which is a part of the realty. It is true that these decisions were all in cases in which the interests of the United States were involved. But it being contrary to the laws of the United States for a homesteader to convey the timber, any such conveyance being contrary to the law, is absolutely void, and not merely voidable, and that such grantee takes absolutely nothing, and being absolutely void, the subsequent acquiring of title by patent cannot effect in any way the validity of such a void instrument. *United States* v. *Nemeyer,* 94 Fed., 147; *Shivers* v. *United States,* 159 U. S., 491.

*N. C. Hill,* for appellee.

The homesteader, G. A. Anderson, having made final proof as required by the laws of the United States, and having received a patent thereto, the title to said land inured to the benefit of

the Walls Creek Lumber Company and their successors and assigns. Such conveyances are not against public policy and void as was held by this court in the case of *Butterfield Lumber Co.* v. *Hartman,* 82 Miss., 494; s. c., 34 So. Rep., 328.

WHITFIELD, C. J., delivered the opinion of the court.

The conveyance by G. A. Anderson of April 7, 1898, before final proof of his homestead entry was made, of "the merchantable pine" timber upon the lands sought to be homesteaded, to the Walls Creek Lumber Company, and the subsequent conveyance by the individual members composing the partnership known as the Walls Creek Lumber Company to Parker & Wilder, evidenced a perfect title to said lumber in Parker & Wilder by virtue of the operation of the doctrine of estoppel. Whatever title Anderson finally got in December, 1900, when he made final proof, instantly inured, by way of estoppel, to those under whom the appellee claims. The deed of April 7, 1898, of course, did not affect the title of the United States government as between the government and Anderson. The title remained in the government until final proof was made, but as between third parties the conveyance was not void. That deed, though ineffectual to convey title until final proof had been made by Anderson, was within the efficacious reach of the doctrine of estoppel, so as to cause the title attempted to be conveyed by it to inure instantly, upon the acquiring of title from the government, to the grantee in the deed of 1898. *Shiver* v. *U. S.,* 159 U. S., 491, 16 Sup. Ct., 54, 40 L. Ed., 231.

*Affirmed.*